IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD R. HUENE,

        Plaintiff,                    No. 2:11-cv-02109 JAM KJN PS

        v.

U.S. DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE; SIU CHAN; and ANTHONY SHELLEY,

        Defendants.            <u>ORDER</u>

                                /

On March 1, 2012, the undersigned conducted a status (pretrial scheduling) conference in this action, in which plaintiff seeks access to certain tax-related documents pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.[1]  Plaintiff, who is proceeding without counsel, appeared by telephone and represented himself.  Although defendants failed to file a status report in advance of the scheduling conference,[2] attorney Anne

---

[1]  This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

[2]  Ms. Blaess represented that although she intended to file a status report in this case on February 23, 2012, she somehow accidentally filed the status report for this case in another action.  Ms. Blaess did not provide a case number for the case in which the status report was actually filed.  The IRS filed its status report following the scheduling conference (Dkt. No. 14), with leave of court.

1

1  E. Blaess of the U.S. Department of Justice appeared at the conference by telephone on behalf of
2  the Internal Revenue Service ("IRS").[3]

3        The undersigned declines to schedule this case at this time for two primary
4  reasons. First, plaintiff agreed during the scheduling conference to dismiss defendants Chan and
5  Shelley from this action as improper defendants in regards to his FOIA claim. The court directed
6  Ms. Blaess to promptly facilitate the preparation and filing of a stipulation of dismissal as to
7  defendants Chan and Shelley.

8        Second, there is a reasonable possibility that plaintiff will dismiss his FOIA claim
9  in the near term. Plaintiff has consistently stated that he simply seeks the documents at issue and
10 believed that the parties had already agreed to a protocol for disclosure and, if necessary, *in*
11 *camera* review of the documents by the court. At the scheduling conference, plaintiff again
12 agreed to stipulate to the dismissal of this action if the IRS satisfactorily provides him with the
13 requested documents. Ms. Blaess represented at the scheduling conference that the IRS has
14 provided her with a cache of responsive documents that she believes she can provide to
15 defendant within seven to ten days. She represented that any redactions of those documents
16 could be addressed by way of dispositive motions and an *in camera* review by the court.
17 Accordingly, the court orders the IRS to deliver the subject documents to plaintiff within ten days
18 of the date of this order. The parties shall thereafter file a joint status addressing whether this
19 case has been resolved to plaintiff's satisfaction or should proceed to the filing of a dispositive
20 ////

---

However, Ms. Blaess did not adequately explain to the court her failure to reasonably communicate with plaintiff regarding the preparation of a joint status report, despite plaintiff's repeated attempts to facilitate such a joint filing.

  [3] There remains a measure of confusion regarding whether Ms. Blaess represents defendants Chan and Shelley in this case. At the conference, Ms. Blaess ambiguously disclaimed such representation. However, on December 22, 2011, Ms. Blaess appeared as "Counsel for defendants" and moved the court for a continuance of the scheduling conference. (Defs.' Mot. for Ext. of Time at 1, Dkt. No. 9.) Defendants Chan and Shelley still have not filed answers or other responses to the complaint in this action.

motion or motions, including possible provision of a so-called "Vaughn index."[4]  See Lane v. Dep't of Interior, 523 F.3d 1128, 1134 (9th Cir. 2008) ("While ordinarily the discovery process grants each party access to evidence, in FOIA . . . cases discovery is limited because the underlying case revolves around the propriety of revealing certain documents.  Accordingly, in these cases courts may allow the government to move for summary judgment before the plaintiff conducts discovery.") (citation omitted).

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Within seven days of the date of this order, the parties shall file a stipulation to the dismissal of defendants Siu Chan and Anthony Shelley from this action.

2. Within ten days of the date of this order, the IRS shall deliver to plaintiff the documents that it believes are responsive to plaintiff's FOIA request.  Within seven days of such delivery, the IRS shall file written notice with the court confirming timely delivery to plaintiff.

3. Within 45 days of the date of this order, the parties shall file a *joint* status report addressing whether: (1) following delivery of the subject documents, plaintiff is satisfied with the document production such that the parties intend to file a stipulation dismissing this action; or (2) the court should set a deadline for the filing of dispositive motions concerning the documents produced[5] or impose some other schedule.

////

////

---

[4]  Because of the requesting party's lack of knowledge regarding the documents withheld in a FOIA action, "government agencies seeking to withhold documents requested under the FOIA have been required to supply the opposing party and the court with a 'Vaughn index,' identifying each document withheld, the statutory exemption claimed, and a particularized explanation of how disclosure of the particular document would damage the interest protected by the claimed exemption."  Weiner v. FBI, 943 F.2d 972, 977 (9th Cir. 1991) (footnote and citations omitted).

[5]  Any request for the use of dispositive motions to resolve this case should include a proposed deadline for filing such motions and a proposed briefing schedule.

Case 2:11-cv-02109-JAM-KJN   Document 15   Filed 03/05/12   Page 4 of 4

        4.      Any failure to reasonably communicate with plaintiff on the part of the IRS or Ms. Blaess may result in the imposition of sanctions against the IRS, Ms. Blaess, or both.

IT IS SO ORDERED.

DATED: March 2, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

4