IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD R. HUENE,

    Plaintiff,

v.

U.S. DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE; SIU CHAN; and ANTHONY SHELLEY,

    Defendants.

No. 2:11-cv-02109 JAM KJN PS

ORDER GRANTING MOTION TO STAY DISCOVERY AND SETTING BRIEFING SCHEDULE FOR MOTION FOR SUMMARY JUDGMENT

/

    Presently before the court is defendant Internal Revenue Service's ("IRS") motion to stay discovery in this case (Dkt. No. 20), which involves plaintiff's single claim brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.[1]  Because oral argument would not materially aid the resolution of the pending motion, this matter is submitted on the briefs and record without a hearing.  See Fed. R. Civ. P. 78(b); E. Dist. Local Rule 230(g).  The undersigned has considered the briefs and appropriate portions of the record in this case and, for the reasons stated below, grants the IRS's motion to stay discovery pending resolution of the

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

IRS's forthcoming motion for summary judgment. This order sets a briefing schedule in regards to the motion for summary judgment.

I.   BACKGROUND

Generally, plaintiff's complaint concerns the alleged actions of the IRS and its agents in connection with a continuing tax audit of plaintiff. (See Compl. ¶ 7.) In connection with the audit, plaintiff requested access to documents concerning him that are alleged to be in the possession of the IRS. (See id.) Specifically, plaintiff alleges that on March 21, 2011, he "formally requested all documents in [the IRS's] possession concerning plaintiff from previous tax filings including the previous 12 years of tax returns, the results of previous audits, and all documents and other instructions in their possession relating to the present audit." (Id., at p. 3:1-5.) Plaintiff alleges that he advised the IRS of the statutory 20-day deadline to respond to his request. (Id., at p. 3:5-6 (citing 5 U.S.C. §§ 552(a)(6)(A)(i)-(ii), (a)(6)(C)).)

Plaintiff alleges that the IRS failed to respond to his FOIA request within 20 days. He further alleges that he gave the IRS an extension of time in which to respond, until June 6, 2011, but that the IRS still did not produce documents to plaintiff. (Compl. ¶ 7, at p. 3:18-21.) Plaintiff alleges that "defendants failed to make a determination regarding plaintiff's FOIA request, failed to disclose any documents or any response whatsoever within the statutory 20 day time deadline pursuant to 5 U.S.C. § 552(a)(6)(i) (2009) and 5 U.S.C. § 552(a)(6)(A)(ii) (2009) and have failed to respond in any manner." (Id., at p. 3:22-26.)

On March 5, 2012, the undersigned conducted a status (pretrial scheduling) conference in this case, but declined to enter a scheduling order at that time for two primary reasons. (See Order, Mar. 5, 2012, at 2, Dkt. No. 15.) First, plaintiff had agreed during the scheduling conference to dismiss the individual defendants from the case as improper defendants, which would impact the scheduling of the case. The parties dismissed the two individually named defendants, Siu Chan and Anthony Shelly, from this case with prejudice through a stipulation of dismissal filed on March 8, 2012 (Dkt. No. 16).

Second, the court believed that the case might be resolved in the near term because of the IRS's counsel's representations that she possessed documents responsive to plaintiff's FOIA request and finally intended to respond to that request. As to the latter point, the undersigned ordered the IRS to deliver the documents to plaintiff within ten days, and ordered the parties to file a joint status report after plaintiff had an opportunity to review the documents. (Order, Mar. 5, 2012, at 3.)

The IRS notified the court that it delivered the documents responsive to plaintiff's FOIA request on March 15, 2012, and that plaintiff had confirmed receipt of the documents on March 16, 2012 (Dkt. No. 17). The parties did not file a joint status report as ordered by the court, but filed individual status reports. Plaintiff's status report confirmed receipt of the documents, but indicated that the IRS claimed exemptions from disclosure under FOIA. (Pl.'s Status Report, Apr. 2, 2012, at 2, Dkt. No. 18.) Plaintiff suggested that the court conduct an *in camera* review of the "limited, but disputed documents" and exemptions claimed by the IRS. (Id.) For its part, the IRS filed a status report in which it expressed its preference to resolve the disputed FOIA exemptions by way of a motion for summary judgment.[2] (IRS's Status Report, Apr. 6, 2012, at 2, Dkt. No. 19.)

On the same day that it filed its status report, the IRS filed the motion to stay discovery that is before the court. In that motion, the IRS represents, albeit not through a declaration or sworn affidavit, that plaintiff has served the IRS with interrogatories, requests for admission, and requests for the production of documents. (Memo. of P. & A. In Supp. of Mot. for Stay of Discovery at 1, Dkt. No. 21.) Plaintiff filed a timely written opposition to the IRS's motion, but filed that brief in the parallel action of Huene v. U.S. Dep't of the Treasury et al., 2:11-cv-02110 JAM KJN PS ("Huene II"), at docket entry 31.

---

[2] Although the IRS stated that it would file its motion for summary judgment within seven days of the filing of its April 6, 2012 status report, no such motion for summary judgment is on file with the court.

## II. DISCUSSION

The IRS seeks a stay of discovery, and in effect a protective order with respect to plaintiff's discovery requests, until the IRS's anticipated motion for summary judgment concerning the claimed FOIA disclosure exemptions is resolved. In regards to resolution of the propriety of the exemptions claimed by the IRS, plaintiff would prefer that the court conduct an *in camera* review of the documents not produced by the IRS.

Before reaching the question of whether evaluation of the claimed FOIA exemptions should be resolved by way of a motion for summary judgment or an *in camera* review, the undersigned notes the curious nature of plaintiff's opposition to the motion for a stay of discovery. Plaintiff opposes the motion for a stay solely on the grounds that he needs discovery in regards to his claims alleged pursuant to the Privacy Act, 5 U.S.C. 552a. (Pl.'s Opp'n at 2.) However, plaintiff has not alleged any Privacy Act claims in this case. He alleged Privacy Act claims in Huene II. Accordingly, plaintiff's reason for opposing the proposed stay in this case is off the mark. Moreover, so long as the parties have conducted their conference pursuant to Federal Rule of Civil Procedure 26(f) in the Huene II case, plaintiff is free to serve discovery requests on the IRS in Huene II. See Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.").

Turning to the basis for a stay in this case, a district court has "wide latitude in controlling discovery." Lane v. Dep't of Interior, 523 F.3d 1128, 1134 (9th Cir. 2008) (citation and quotation marks omitted). In assessing this latitude, the Ninth Circuit Court of Appeals has noted that unlike an ordinary civil case, discovery in a FOIA case can be "limited because the underlying case revolves around the propriety of revealing certain documents." Id. Accordingly, in FOIA cases, "courts may allow the government to move for summary judgment before the plaintiff conducts discovery." Id.; see also Yonemoto v. Dep't of Veterans Affairs, --- F.3d ---,

No. 10-15180, 2012 WL 130339, at *4 (9th Cir. Jan. 18, 2012) ("Because facts in FOIA cases are rarely in dispute, most such cases are decided on motions for summary judgment.").

In this case, which presents a single FOIA claim and centers on whether the IRS properly claimed exemptions from disclosure as to a limited set of documents, it is appropriate to stay discovery until after resolution of a motion for summary judgment adjudicating the propriety of those claimed exemptions. Plaintiff has represented to the court that his sole concern in this case is obtaining the subject documents, and a motion for summary judgment would present the most expeditious means of resolving whether plaintiff is entitled to the remainder of the documents withheld by the IRS. Additionally, as stated above, plaintiff's opposition to a stay of discovery is premised on his desire to conduct discovery as to Privacy Act claims that are not even pled in this case. Accordingly, the court stays discovery in this case pending resolution of the IRS's forthcoming motion for summary judgment.

In terms of a motion for summary judgment addressed to exemptions from disclosure claimed by an agency in a FOIA case, the agency that invokes an exemption to shield information from disclosure "bears the burden of proving the applicability of the exemption." Yonemoto, 2012 WL 130339, at *4. "To carry their summary judgment burden, agencies are typically required to submit an index and 'detailed public affidavits' that, together, 'identify[ ] the documents withheld, the FOIA exemptions claimed, and a particularized explanation of why each document falls within the claimed exemption.'" Id. (quoting Lion Raisins v. Dep't of Agric., 354 F.3d 1072, 1082 (9th Cir. 2004)) (modification in original); see also Weiner v. FBI, 943 F.2d 972, 977 (9th Cir. 1991). The referenced index, commonly referred to as a "Vaughn index,"[3] and the supporting public affidavits must be from "'affiants [who] are knowledgeable about the information sought' and 'detailed enough to allow court to make an independent assessment of the government's claim [of exemption].'" Yonemoto, 2012 WL 130339, at *4

---

[3] The Vaughn index derives its name from Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973).

1 (quoting Lion Raisins, 354 F.3d at 1079) (modification in original).

The undersigned finds no reason to deviate from the usual course in FOIA cases, and plaintiff has provided no legally supported basis to proceed with an *in camera* review of the withheld documents at the outset. Accordingly, the IRS shall file its motion for summary judgment, accompanied by a Vaughn index and supporting public affidavits. The motion will be briefed and heard on the schedule provided below.

III.   CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.   Defendant Internal Revenue Service's motion to stay discovery is submitted without a hearing, and the May 17, 2012 hearing on that motion is VACATED.

2.   The IRS's motion to stay discovery (Dkt. No. 20) is granted, and discovery in this case is stayed pending resolution of the IRS's forthcoming motion for summary judgment.

3.   No later than May 31, 2012, the IRS shall file and serve a motion for summary judgment addressing the propriety of the exemptions from disclosure it claimed under FOIA. The IRS's motion shall be accompanied by a Vaugn index supporting public affidavits, as described above.

4.   On or before June 28, 2012, plaintiff shall file a written opposition to the motion for summary judgment.

5.   The IRS may file a reply brief on or before July 5, 2012.

6.   The court shall hear the IRS's motion for summary judgment on July 19, 2012, at 10:00 a.m., in Courtroom 25.

IT IS SO ORDERED.

DATED: May 11, 2012

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE