IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD R. HUENE,

      Plaintiff,                    No. 2:11-cv-2109 JAM KJN PS

  v.

U.S. DEPARTMENT OF THE
TREASURY, INTERNAL REVENUE
SERVICE, et al.,

      Defendants.             <u>ORDER</u>

               /

        Presently before the court is plaintiff Donald Huene's "motion for limited reconsideration" of the court's findings and recommendations filed August 24, 2012, recommending that defendant Internal Revenue Service's motion for summary judgment be granted. (Dkt. No. 37.)[1]

        In his motion, plaintiff does not object to the court's substantive findings and recommendations, but essentially requests reconsideration of the court's finding that plaintiff failed to appear at the hearing on defendant's motion for summary judgment in violation of E.D.

---

[1] This action proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

1  Cal. L.R. 230(i).  (Dkt. No. 37 at 1-2.)  In his declaration in support of the motion for limited
2  reconsideration, plaintiff explains that he believed that the motion for summary judgment was
3  adequately briefed, that he left a voicemail for the undersigned's courtroom deputy stating that
4  plaintiff would be available by phone if oral argument was necessary, and that he never received
5  a phone call from the court at the time of the hearing on the number he left in the voicemail.  (Id.
6  at 3-4.)  He acknowledges the court's attempts to contact him during the hearing, but states that
7  an incorrect number must have been dialed.  (Id. at 4.)

8         While the court accepts plaintiff's explanation of events, which appear to amount
9  to an honest misunderstanding, there is no question that plaintiff failed to appear in violation of
10 E.D. Cal. L.R. 230(i), which states that "[a]bsent notice of intent to submit the matter on the
11 briefs, failure to appear may be deemed withdrawal of the motion or of opposition to the motion,
12 in the discretion of the Court, or may result in the imposition of sanctions."  In this case, the
13 court never notified the parties that the matter was submitted on the briefs or that the hearing was
14 vacated, and a party cannot unilaterally vacate a hearing.  See also E.D. Cal. L.R. 230(g)
15 ("Alternatively, the motion may be submitted upon the record and briefs on file *if the parties*
16 *stipulate thereto*, or *if the Court so orders*....") (emphasis added).  Furthermore, the court never
17 authorized plaintiff to appear telephonically.  In any event, the court did not recommend a grant
18 of defendant's motion for summary judgment based on plaintiff's failure to appear, but instead
19 proceeded to consider the merits of the motion, including plaintiff's opposition.  Additionally,
20 the court declined to impose sanctions for plaintiff's failure to appear.  Therefore, there is no
21 proper basis to amend the court's prior findings and recommendations.
22 ////
23 ////
24 ////
25 ////
26 ////

Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that plaintiff's motion for limited reconsideration (dkt. no. 37) is DENIED.

DATED: September 6, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE